UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| CHARLES MASCAGNI, | * | CIVIL ACTION NO. 6:16-CV-439 |
| *Plaintiff,* | * | JUDGE JAMES |
| VERSUS | * | MAGISTRATE JUDGE WHITEHURST |
| SCHLUMBERGER TECH CORP., | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S RESPONSE IN OPPOSITION**
**TO PLAINTIFF'S MOTION TO TRANSFER**

NOW COMES, Defendant, Schlumberger Technology Corporation ("Defendant" or "STC"), who submits this Response in Opposition to Plaintiff Charles Mascagni's Motion to Transfer, and avers as follows:

**INTRODUCTION**

On July 8, 2014, Brock Boudreaux and Khaled Barake (hereinafter "*Boudreaux* Plaintiffs") filed a collective action suit in the Western District of Louisiana against STC alleging overtime violations under the Fair Labor Standards Act ("FLSA") and violations of the California Labor Code. The *Boudreaux* Plaintiffs bring their claims on behalf of other similarly situated Directional Drillers (DDs), Measurement While Drilling (MWDs) employees, and Logging While Drilling (LWDs) employees.

On April 5, 2015, the *Boudreaux* court authorized the issuance of notice and opt-in consent form to the potential class members, including Charles Mascagni ("Plaintiff" or

1

"Mascagni"), based upon class information provided by STC. The opt-in period for Mascagni and the other potential opt-in class members to join the *Boudreaux* suit ended on June 5, 2015. Mascagni elected to not join the *Boudreaux* suit – as was his right under the statute and the notice issued in *Boudreaux*.[1] *See* 29 U.S.C. ¶ 216(b).

On April 1, 2016, approximately ten (10) months after the close of the opt-in period to join the *Boudreaux* suit expired, Mascagni filed this lawsuit alleging that STC violated the FLSA by failing to pay him overtime compensation for all hours worked in excess of forty (40) in a work week. [Dkt. No. 1, p. 4, ¶ 26.] However, unlike the *Boudreaux* Plaintiffs, Mascagni is bringing suit only on behalf of himself as a MWD, he is not seeking collective action treatment on behalf of any other MWDs, LWDs, or a class of DDs, and is not bringing any claims under the California Labor Code.

A. **Mascagni Has Not Established How Transferring the Case Will Promote Judicial Economy and Consistency.**

In support of his Motion, Mascagni offers a single conclusory sentence in this regard: "Plaintiff avers that consistency and judicial economy would be furthered by transferring the case to Chief Judge Dee D. Drell, who is presiding over *Boudreaux, et al*." [Dkt. No. 6-1, p. 2.] Contrary to Mascagni's suggestion, transferring the present matter will not promote judicial economy or consistency. In the case at bar, the discovery period will be much shorter as this is a single plaintiff case. As such, limited written discovery will be exchanged and limited depositions will be needed. In contrast, in the *Boudreaux* suit, written discovery on the named plaintiffs is complete[2] and the parties are about to begin representative discovery on thirty

---

[1] Mascagni implies that he did not opt-in to the *Boudreaux* suit out of fear of retaliation from his then-employer. This is simply a red herring as federal and state statutory law, as well as the Notice, prohibits STC from any sort of retaliation for joining the *Boudreaux* lawsuit.
[2] Notably, the court in *Boudreaux* specifically prohibited STC from propounding any further written discovery on the named plaintiffs.

2

percent (30%) of the opt-in class, which will be followed by depositions of plaintiffs and 30(b)(6) depositions. Moreover, discovery in the *Boudreaux* suit will be on a nationwide basis, involving multiple job positions (DDs, MWDs, and LWDs), and several different claims (FLSA and California state law claims), which simply do not apply to Mascagni's individual claim. Further, Mascagni has simply failed to sustain his burden of showing that problems will arise if the two courts should issue inconsistent rulings.

**B.     Mascagni Has Not Demonstrated Substantial Overlap with the *Boudreaux* Matter.**

Mascagni cannot establish substantial overlap between his claim and those of the *Boudreaux* Plaintiffs based on the conclusory allegations in his Motion. In support of his Motion, Mascagni contends that there is a common defendant and both matters involve identical issues. [Dkt. 6, p. 1.] As noted, this is simply not the case. In the present matter, Mascagni, who worked almost exclusively out of Western Louisiana, is bringing his own individual claim only and asserts a single cause of action under the FLSA.

In contrast, the *Boudreaux* Plaintiffs are bringing a 216(b) collective action on behalf of employees consisting of three different job titles. They also assert claims on behalf of a nationwide class of plaintiffs, which Mascagni *chose* not to be a part of on his own volition. In addition, the *Boudreaux* Plaintiffs, unlike Mascagni, include claims under the California Labor Code. Because the class in the *Boudreaux* suit is much broader in terms of positions (DDs, MWDs, and LWDs versus only MWD) and because the *Boudreaux* matter deals with violations of the FLSA and the California Labor Code, different laws and defenses will likely apply.

## CONCLUSION

In light of these considerable differences, Mascagni cannot demonstrate that his claim substantially overlaps with those of the *Boudreaux* Plaintiffs. Accordingly, Defendant

respectfully requests that this Court deny Plaintiff's Motion to Transfer, and for all other relief to which he may be entitled in law or equity.

                Respectfully submitted,

                */s/ Robert P. Lombardi*
                Samuel Zurik III (LSBA 24716)
                Robert P. Lombardi (LSBA 26387)
                Geoffrey A. Mitchell (LSBA 34684)
                **THE KULLMAN FIRM, P.L.C.**
                1100 Poydras Street, Suite 1600
                New Orleans, LA 70163
                Telephone: (504) 524-4162
                Facsimile: (504) 596-4189
                E-Mail: sz@kullmanlaw.com
                E-Mail: rpl@kullmanlaw.com
                E-Mail: gam@kullmanlaw.com

                **COUNSEL FOR DEFENDANT,
                SCHLUMBERGER TECHNOLOGY
                CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on July 13th, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to:

    Jonathan H. Adams, Esq.
    Peter S. Koeppel, Esq.
    Koeppel Clark Turner
    2030 St. Charles Avenue
    New Orleans, Louisiana 70130
    E-Mail: jadams@koeppelllc.com
    E-Mail: peterklaw@aol.com

    **ATTORNEYS FOR PLAINTIFF**

                /s/*Robert P. Lombardi*