UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| CHARLES MASCAGNI, | * | CIVIL ACTION NO. 6:16-CV-439 |
| *Plaintiff,* | * | JUDGE JAMES |
| VERSUS | * | MAGISTRATE JUDGE WHITEHURST |
| SCHLUMBERGER TECH CORP., | * | |
| *Defendant.* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**JOINT RULE 26(f) CASE MANAGEMENT REPORT**

A meeting of counsel was held on Wednesday, June 29, 2016, by telephone. The following persons participated: (1) Jonathan H. Adams, Esq. on behalf of Plaintiff, Charles Mascagni ("Plaintiff"); and (2) Geoffrey A. Mitchell, Esq. appeared on behalf of Defendant, Schlumberger Technology Corporation ("STC" or "Defendant").

**1. Initial Disclosures:**

Initial disclosures were made by the Parties on July 12, 2016.

**2. Jurisdiction:**

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331, because STC is alleged to have violated a federal statute, 29 U.S.C. § 207 (Fair Labor Standards Act). Neither Plaintiff nor Defendant challenge this Court jurisdiction.

**3. Joinder of Parties and Amendment of Pleadings:**

**A.** STC (the only Defendant) has been served and has filed an Answer.

**B.** The Parties do not anticipate any amendments to pleadings. However, out of an abundance of caution, Plaintiff requests this Court give the Parties 30 days from the entry of the Scheduling Order to do so. Plaintiff does not anticipate adding additional defendants.

**C.** Not applicable.

**4. Related Cases:**

*Boudreaux, et al v. Schlumberger Technology Corporation*, Case No. 6:14-cv-02267 (W.D. La. 2014) is a related case. The Plaintiff in this case and Mr. Boudreaux were both Measurement While Drilling Operators employed by STC. Plaintiff and Mr. Boudreaux have similar allegations against STC (i.e., failure to pay overtime in violation of the Fair Labor Standards Act). Plaintiff contends that the 2 cases have the same set of operative facts, involve the same time period, and involve application of the same law. STC's affirmative defenses are substantially similar in both cases. Counsel for STC in this case is the same counsel for STC in *Boudreaux*. Chief Judge Dee D. Drell is the presiding district judge in *Boudreaux*. Plaintiff has filed a Motion to Transfer this case to Judge Drell. (Rec. Doc. 6).

While the present matter involves one of the job titles at issue in *Boudreaux v. Schlumberger Technology Corporation*, Case No. 6:14-cv-02267 (W.D. La. 2014), Defendant denies that there is substantial overlap between the instant matter and the *Boudreaux* suit. Defendant will be filing an opposition to Plaintiff's Motion to Transfer by the July 13, 2016 deadline.

**5. Discovery Issues:**

**A.** Plaintiff has filed a Motion to Stay or, in the Alternative, Motion to Consolidate (Rec. Doc. 8). In the event the Court denies the Motion to Stay in this case, then Plaintiff

moves the Court to consolidate this case with Boudreaux for the purpose of discovery. It makes sense for only one set of depositions to be conducted with respect to STC. For example, STC's 30(b)(6) representative concerning compensation of operators should only have to be deposed twice. Consolidating the 2 cases for discovery purposes will save Plaintiff and STC a lot of money and these savings are especially important to Plaintiff because he is not a large corporation with abundant resources. Further, if Plaintiff and the plaintiffs in Boudreaux can share experts, then that arrangement will save Plaintiff an extremely large amount of money. Defendant opposes Plaintiff's Motion to Stay or, in the Alternative, Motion to Consolidate and intends on filing a response in opposition on or before the deadline to do so. Defendant also opposes Plaintiff's request to consolidate this matter with *Boudreaux* for purposes of discovery. Further, Defendant specifically objects to Plaintiff's request to consolidate this matter with *Boudreaux* for depositions purposes, the sharing of experts, or that such a consolidation will promote judicial economy. Because the present matter is a single plaintiff case involving a single job title (MWD), limited written and oral discovery will be needed. In contrast, in the *Boudreaux* suit, written discovery on the named plaintiffs is complete and the parties are about to begin representative discovery on thirty percent (30%) of the opt-in class, which consists of approximately 300 plaintiffs who employed by STC as Directional Drillers (DDs), Measurement While Drilling (MWD) employees, and Logging While Drilling (LWD) employees. Following written discovery, the parties in *Boudreaux* will be conducting an unknown number of plaintiffs depositions and 30(b)(6) depositions. Moreover, discovery in the Boudreaux suit will be on a nationwide basis, involving multiple job titles (i.e., DDs, MWDs, and LWDs), and several different

claims (FLSA and California state law claims), which do not apply to Plaintiff's individual claim.

**B.** For the reasons set forth in Section 5(A), in the event the Court denies Plaintiff's Motion to Stay, then Plaintiff requests the same discovery cutoff date as *Boudreaux*. Defendant proposes that the Court's standard scheduling order with pre-determined cut-off dates for discovery should apply.

**6. Alternative Dispute Resolution:**

Plaintiff is amenable to alternative dispute resolution. Plaintiff prefers a settlement conference with the Magistrate Judge. Defendant is also amenable to alternative dispute resolution. However, Defendant proposes ADR via mediation at the appropriate time, which Defendant believes is likely to be after the close of discovery.

**7. Trial by Magistrate Judge:**

Plaintiff consents to trial before the assigned magistrate judge. However, if *Boudreaux* is to be tried by the District Judge, then Plaintiff's is to be tried by the District Judge as well. Defendant does not agree to consent to trial before the magistrate judge.

**Jonathan H. Adams**
(LSBA 29061)
**Peter S. Koeppel**
(LSBA 1465)
**KOEPPEL CLARK TURNER**
2030 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024

*/s/ Jonathan H. Adams* July 13, 2016
**Counsel for Plaintiff** **Date**

**Samuel Zurik III**
(LSBA 24716)
**Robert P. Lombardi**
(LSBA 26387)
**Geoffrey A. Mitchell**
(LSBA 34684)
**THE KULLMAN FIRM**
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189

*/s/ Geoffrey A. Mitchell* July 13, 2016
**Counsel for Defendant** **Date**