# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **CHARLES MASCAGNI** | **CIVIL ACTION NO. 6:16-0439** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SCHLUMBERGER TECH. CORP.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

On June 23, 2016, Plaintiff Charles Mascagni ("Mascagni") filed a Motion to Transfer this suit to the Alexandria Division of the Western District of Louisiana, which he contends is a more convenient forum. [Doc. No. 6]. On July 13, 2016, Defendant Schlumberger Tech. Corp. ("Schlumberger") filed a memorandum in opposition to Mascagni's Motion to Transfer. [Doc. No. 9]. On July 15, 2016, Mascagni filed a reply brief. [Doc. No. 12].

Convenience transfers are governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The statute is intended to save time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience. *Republic Capital Dev. Grp., L.L. C. v. A.G. Dev. Grp., Inc.*, No. H–05–1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005) (*citing Van Dusen v. Barrack*, 376 U.S. 612 (1964)).

The application of section 1404(a) is a two-part process. The Court must first determine whether the venue to which transfer is sought is one in which the case could have been filed. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). If so, the Court must then

determine whether the transfer would serve "the convenience of parties and witnesses" and "the interest of justice," 28 U.S.C. § 1404(a), by weighing the following factors:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (citations and internal punctuation omitted). "The 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (per curiam) (citation omitted).

Having reviewed the memoranda in support of and in opposition to Mascagni's Motion to Transfer, the Court finds that the convenience and public interest factors weigh in favor of retaining the case. All parties agree that venue is proper in the Western District of Louisiana. Mascagni argues that the case should be transferred from the Monroe Division to the Alexandria Division because of the similarities between the present case and a class action case pending in the Alexandria Division. Specifically, Mascagni contends that the two cases share the same Defendant, issues of law and issues of facts. Mascagni failed to address the § 1404(a) factors, and instead only addressed issues pertaining to consolidation between the cases. However, on September 22, 2016, Magistrate Judge Carol B. Whitehurst heard oral argument on this issue and denied Mascagni's Motion to Consolidate. [Doc. No. 20].

Mascagni has otherwise failed to demonstrate that a transfer would be warranted for "the

convenience of parties and witnesses" and in the "interest of justice." 28 U.S.C. § 1404(a). A transfer at this juncture would unnecessarily delay the final resolution of this matter. Accordingly, Mascagni's Motion to Transfer [Doc. No. 6] is DENIED.

MONROE, LOUISIANA, this 2nd day of November, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE