# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| CHARLES MASCAGNI | CIVIL ACTION NO. 16-439 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SCHLUMBERGER TECH CORP | MAG. JUDGE WHITEHURST |

## RULING

Pending before the Court are Defendant Schlumberger Tech Corporation's ("STC") Motion to Exclude the Testimony of John Theriot [Doc. No. 25] and Motion in Limine [Doc. No. 47]. For reasons that follow, STC's Motion to Exclude the Testimony of John Theriot is DENIED, and its Motion in Limine is GRANTED IN PART AND DENIED IN PART.

## Facts and Procedural History

Plaintiff Charles Mascagni ("Mascagni") initiated suit on April 1, 2016, claiming that STC knowingly, willfully, or in reckless disregard failed to pay him overtime "as required by the Fair Labor Standards Act (FLSA) and/or state overtime laws." [Doc. No. 1, pp. 1; 5]. He seeks unpaid back wages, liquidated damages, attorneys' fees, and costs. *Id.* at 5.

Mascagni was initially employed as a Measuring While Drilling ("MWD") Operator 1. He was later promoted to MWD II, MWD III, and Logging While Drilling 1 ("LWD").[1] Mascagni typically worked twelve hours each day for as many as ninety continuous days. Instead of paying him overtime, STC paid him a base salary plus a day rate.

On August 22, 2017, the Court denied STC's motion for summary judgment. This case is set for a bench trial on November 6, 2017.

---

[1] The Court will use "M/LWD" to refer to Mascagni's positions.

**Motion to Exclude the Testimony of John Theriot**

On July 7, 2017, STC moved to exclude the testimony of Mascagni's expert, John Theriot, a certified public accountant, arguing that Theriot's testimony will not assist the trier of fact in understanding the evidence or determining a fact in issue.[2] [Doc. No. 25-1].

Mascagni retained Theriot to prepare a preliminary analysis of his economic losses. [Doc. No. 25-2]. Theriot calculated that Mascagni's alleged unpaid overtime pay for salaried hours is $12,409.00, and Mascagni's unpaid overtime pay for "rig" hours is $62,376.00. *Id.* at 2.

According to STC, Theriot performed "nothing more than simple mathematical calculations." [Doc. No. 25-1, p. 4]. STC argues, "Should STC be found liable in this case, the jury[3] is more than capable of dividing two numbers found on Mascagni's paystubs to get the appropriate hourly rate, and then multiplying that sum by the appropriate overtime rate." *Id.* STC concludes, "Because the jury can calculate any overtime due to Mascagni without the assistance of an expert, Theriot's testimony is not helpful to the trier of fact and thus, should be excluded pursuant to Federal Rule of Evidence 702." *Id.*

Mascagni opposes the motion. [Doc. No. 35]. According to Mascagni, STC is asking the Court to "utilize its own strained resources to evaluate approximately One Thousand Four Hundred (1,400) pages of information on its own in order to make the computations Theriot sets forth in his report . . . ." *Id.* at 5. Theriot's opinion, Mascagni argues, "will assist the trier of fact due to the volume and complexity of the data produced and relied upon in order to make the sophisticated calculations and analysis presented" in the expert report. *Id.* at 11. Mascagni adds that there "is no

---

[2] STC does not deny that Theriot is an expert in accounting.

[3] Again, this is a bench trial.

jury to protect because this is a bench trial." *Id.* at 5.

STC replied to Mascagni's opposition on August 14, 2017. [Doc. No. 44].

**I.    Law and Analysis**

    **A.    Standard of Review**

Under Federal Rule of Evidence 702, an expert opinion on scientific, technical, or specialized knowledge can be admitted only if:

> (a) *the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue*;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702 (emphasis added). When faced with expert testimony, the court must determine at the outset if the proponent of the evidence has proven its admissibility by a preponderance of the evidence. *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 592 n.10 (1993) (citing FED. R. EVID.104(a) and *Bourjaily v. U.S.*, 483 U.S. 171, 175-76 (1987)). Courts have considerable discretion in deciding whether to admit or exclude expert testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) ("[W]e conclude that the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138-9 (1997).

    **B.    Theriot's Testimony Will Assist the Court.**

Theriot's opinion will assist the Court in understanding the evidence or determining facts in issue. If STC disagrees with Theriot's opinions, STC may rebut them utilizing its own expert or

other evidence.

Theriot expended approximately 85 hours analyzing various sources of information spanning approximately 1,400 pages. [Doc. No. 35-2, p. 3-10]. He performed "unpaid overtime computations . . . for both Salary and Rig Day Rate paid to Mr. Mascagni[,]" which, according to Theriot, "are two separate and distinct types of pay with separate and distinct computations" necessitating "explanation to the trier of fact . . . ." *Id.* at 10-11. Theriot averred, "The volume and complexity of the documents and information analyzed in order to compute the damages . . . makes it virtually impossible for a layperson to perform such calculations and analysis. *Id.* at 3. "These computations are . . . sophisticated computations based on my experience in over thirty years practicing public accounting . . . ." *Id.* at 10.

"[A]n expert can be employed if his testimony will be helpful to the trier of fact in understanding evidence that is simply difficult, [though] not beyond ordinary understanding." *Total Control, Inc. v. Danaher Corp.*, 338 F. Supp. 2d 566, 569 (E.D. Pa. 2004) (citation and internal quotation marks omitted) (rejecting contention that financial analyst's testimony should be excluded because his damage calculations were based on simple arithmetic). Even if an individual calculation appears straightforward, an expert's ability to present, in an understandable format, "a vast quantity of calculations derived from disparate sources" can assist a trier of fact.[4] *Id.*

---

[4] *See Solstice Oil & Gas I LLC v. OBES Inc.*, 2015 WL 5059601, at *5 (E.D. La. Aug. 26, 2015) (holding that, while the expert who analyzed hundreds of disparate documents used facially inexpert methodology (addition and subtraction), his specialized knowledge of accounting would assist the trier of fact); *Sudo Properties, Inc. v. Terrebonne Par. Consol. Gov't*, 2008 WL 2623000, at *7 (E.D. La. July 2, 2008) (rejecting argument that expert's opinion was simple arithmetic and holding that the opinion was admissible because the expert's "specialized knowledge, regardless of whether his calculations involve complex methodology, will assist the trier of fact" in determining damages); *Gen. Elec. Capital Bus. Asset Funding Corp. v. S.A.S.E. Military Ltd.*, 2004 WL 5495588, at *5 (W.D. Tex. Oct. 6, 2004) ("Given its

Here, allowing Theriot to utilize his specialized knowledge and experience to calculate figures from different sources and synthesize his results will aid the Court in ascertaining Mascagni's alleged damages. *See Charalambopoulos v. Grammar*, 2017 WL 930819, at *16 (N.D. Tex. Mar. 8, 2017) ("Allowing [the expert] to sift through the evidence . . . , explain the relevant evidence to the jury in a format that it can more easily follow, and point out, based on her experience as a criminal investigator and forensic sciences consultant, why certain statements in the evidence are inconsistent with, or are not supported by, the physical evidence, will not usurp the role of the jury.").[5]

To the extent STC opposes Theriot's calculations, it may oppose them through "vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert* 509 U.S. at 596. The court will then weigh Theriot's opinion. Accordingly, STC's Motion to Exclude the Testimony of John Theriot is DENIED.

## Motion in Limine

On September 5, 2017, STC filed a "Motion in Limine," seeking "to exclude from trial: (1)

---

complexity and cumbersome nature, [the expert's] compilation of this information and documentation into a presentable format is 'helpful' . . . [and] will assist the jury in extracting relevant information from the accounting documents given and will facilitate its understanding of the evidence presented.").

[5] Mascagni points out that many of the cases STC cites in support of excluding the expert opinion were jury trials. In that respect, "Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *See Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). STC, though, points out that Mascagni likewise relies on a jury case. [Doc. No. 44]. Specifically, Mascagni cites *Solstice Oil* for the proposition that an expert who uses facially inexpert methods may still testify if he presents a vast quantity of calculations in an understandable format. *See Solstice Oil & Gas I LLC*, 2015 WL at *5. In this vein, that expert testimony will aid a jury does not necessarily mean that the same expert testimony will not aid the Court.

5

the admission of Mascagni's Internal Revenue Service ("IRS") Form 1040s; (2) Mascagni's use of any witnesses or evidence not sufficiently identified in this matter; and (3) any reference to other litigation or disputes involving STC or its affiliates." [Doc. No. 47]. Mascagni opposes the motion in part. [Doc. No. 49].

## I. Mascagni's IRS Form 1040s

STC argues that Mascagni's IRS Form 1040s should be excluded because they are irrelevant. [Doc. No. 47-1, p. 3]. Mascagni does not oppose excluding this evidence. [Doc. No. 49, p. 1]. Accordingly, to this extent, STC's motion is GRANTED, and Mascagni's IRS Form 1040s are EXCLUDED.

## II. Witnesses Mascagni Failed to Disclose

STC moves to exclude witnesses that Mascagni failed to identify in his initial disclosures. [Doc. No. 47-1, p. 4]. In his initial disclosures, Mascagni listed the following generic witness groups: (1) corporate representative(s) of STC; (2) current and former employees of STC; (3) any witness identified in a prior case against STC, *Boudreaux v. Schlumberger Tech. Corp.*, No. 14-2267 (W.D. La. filed July 8, 2014) ("*Boudreaux*"); and (4) any person(s) who may be necessary to authenticate any documents and/or exhibits. [Doc. No. 47-1, p. 4].

Notably, there is no indication that Mascagni ever supplemented his disclosures, and, to date, Mascagni still fails, with the exception of one witness, to identify the specific witnesses he may call. Mascagni also fails to provide any explanation for his non-disclosures.

Federal Rule of Civil Procedure 26(a)(1)(A) provides, in pertinent part, "a party must, without awaiting a discovery request, provide to the other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with

the subjects of that information--that the disclosing party may use to support its claims or defenses . . . ." Rule 37(c), in turn, provides that if a party fails to identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

STC argues that Mascagni's vague disclosures do not sufficiently identify the witnesses and do not place STC on notice of who might testify. *Id.* STC emphasizes that the vague disclosures are prejudicial as STC is unable to depose these witnesses. *Id.*

Mascagni does not explicitly oppose excluding witnesses other than STC's employees and corporate representatives.[6] [Doc. No. 49, p. 1-3]. As to STC's employees and corporate representatives, Mascagni argues that his failure to disclose is harmless because the potential witnesses work for STC, and STC can interview them instead of deposing them. *Id.* at 3. Mascagni submits that he provided topics of deposition to STC prior to a cancelled deposition.[7] *Id.* at 1. Mascagni also submits that "the parties' claims and defenses in this case are clear and obvious to STC." *Id.* at 2.

The Court finds, with respect to STC's employees and corporate representatives, that Mascagni's non-disclosure is, at present, harmless considering that STC can interview its own personnel. STC is aware of the issues in dispute, and it presumably knows which of its employees

---

[6] Mascagni "opposes the Motion insofar as STC seeks to exclude a corporate representative of STC" and "to the extent it seeks to exclude employees of STC . . . ." [Doc. No. 49, p. 1, 3].

[7] STC disputes that Mascagni provided topics for a corporate deposition. [Doc. No. 47-1, p. 4].

7

and representatives possess relevant knowledge. Moreover, STC will have sufficient time to interview its personnel following Mascagni's identification, in the parties' joint pretrial order, of any witnesses he may or will call to testify. If any harm arises thereafter, or if Mascagni fails to identify witnesses with specificity in the joint pretrial order, STC may move for any necessary action or relief.

In his opposition to the present motion, Mascagni does identify Mitchell Williamson, STC's "NAM Compensation Manager," as a witness he may call. While there is no indication that Mascagni identified Williamson in his initial disclosures or in any supplement thereto, STC identified Williamson in its initial disclosures as an individual with discoverable information. Considering the issues in dispute, as well as STC's disclosure, the Court is confident that STC was aware that either it or Mascagni would likely call Williamson to testify. In this respect, Mascagni's non-disclosure was substantially justified.

Accordingly, in this regard, STC's motion is GRANTED IN PART AND DENIED IN PART. The motion is DENIED as to Williamson and STC's other employees and corporate representatives. The motion is GRANTED as to any witness encompassed in Mascagni's generic witness groups set forth above.

## III. Documents Mascagni Failed to Disclose

Next, STC moves to exclude documents that Mascagni failed to adequately identify in his initial disclosures. [Doc. 47-1, p. 5]. In his initial disclosures, Mascagni wrote that he may use "[a]ny relevant documents produced in" *Boudreaux*. *Id.* at 4. There is no indication that Mascagni ever supplemented this disclosures, and, to date, Mascagni still fails to identify specific documents. Mascagni also fails to provide any explanation for his non-disclosure.

8

Federal Rule of Civil Procedure 26(a)(1)(A) provides, in pertinent part, "a party must, without awaiting a discovery request, provide to the other parties: . . . a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . . ." Rule 37(c), in turn, provides that if a party fails to provide information as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

STC argues that Mascagni's "vague and improper identification of documents . . . is highly prejudicial to STC, who should not, at this late date, be required to verify all of the late-provided information and martial [sic] opposition evidence of its own." *Id.* at 5. Mascagni, however, states that "every single document [he] intends to introduce into evidence at trial is a STC document." [Doc. No. 49, p. 2]. He argues that STC does not explain why it will suffer harm in verifying and opposing its own documents. *Id.* at 3.

The Court finds that Mascagni's non-disclosures are, at present, of little harm to STC considering that the only documents Mascagni contends he may introduce are STC documents. As the issues in dispute are relatively definite, STC is likely aware of which documents are relevant and which documents Mascagni may utilize. Moreover, if Mascagni sufficiently identifies, in the joint pretrial order, the documents he may utilize, STC will have sufficient time to authenticate and marshal opposition if necessary. If any harm arises thereafter, or if Mascagni fails to identify the documents with specificity in the joint pretrial order, STC may move for any necessary action or relief.

Accordingly, STC's motion is GRANTED IN PART and DENIED IN PART. To the extent STC moves to exclude non-STC documents produced in *Boudreaux*, the motion is GRANTED and the documents are EXCLUDED. To the extent STC moves to exclude STC documents produced in *Boudreaux*, the motion is DENIED.

IV. **References to Other Cases Involving STC or its Affiliates**

STC moves to exclude any reference to other lawsuits involving it or its affiliates on grounds that the lawsuits are irrelevant and highly prejudicial. [Doc. No. 47-1, p. 6]. Mascagni only opposes the motion "insofar as it seeks to bar [him] from questioning Williamson about whether *Boudreaux* triggered a re-examination and review of STC's initial exemption determination of the M/LWD job position and, if so, details about that re-examination and review." [Doc. No. 49, p. 4].

Considering Mascagni's tacit lack of opposition to excluding references to cases other than *Boudreaux*, as well as the absence of any argument for why referencing cases other than *Boudreaux* is relevant, the Court will exclude reference to those cases.

As to Mascagni's proposed line of questioning concerning *Boudreaux*, STC argues that the Court, in a previous Ruling in this proceeding, opined that references to other cases are irrelevant. [Doc. No. 47-1, p. 6]. Addressing an issue that is no longer before the Court, the Court previously reasoned that a judgment from another court that STC violated the FLSA does not indicate that STC violated the FLSA here. [Doc. No. 45, p. 14]. The Court did not, however, rule that references to other cases were or are irrelevant.

Ultimately, the Court finds that Mascagni's proposed line of questioning relating to

*Boudreaux* is relevant.[8] At minimum, it is relevant to whether STC acted in good faith in classifying Mascagni as exempt from overtime compensation provisions . . . a dispute that remains.

Even if the proposed line of questioning is relevant, STC argues that the probative value of the evidence is substantially outweighed by the potential of unfair prejudice, that the evidence "presents serious potential for confusion and for decisions on an improper basis, such as conformance with other cases, rather than upon evaluation of the evidence and arguments in this case[,]" and that the evidence would waste time and cause undue delay. [Doc. No. 47-1, p. 7].[9]

The Court finds little risk, if any, of unfair prejudice, confusion, or a decision on an improper basis, considering that this is a bench trial.[10] The Court is capable of distinguishing *Boudreaux* from this proceeding and rendering a decision solely on the evidence, arguments, and disputes at bar.

Finally, with respect to undue delay, STC argues that it "would have to devote considerable time defending itself on matters not actually before the Court." [Doc. No. 47-1, p. 7]. Mascagni responds that he "will not devote considerable time questioning STC about *Boudreaux*[,]" and that

---

[8] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.

[9] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

[10] "Rule 403 has no logical application to bench trials. Excluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power, but excluding relevant evidence on the basis of unfair prejudice is a useless procedure. Rule 403 assumes a trial judge is able to discern and weigh the improper inferences that a jury might draw from certain evidence, and then balance those improprieties against probative value and necessity. Certainly, in a bench trial, the same judge can also exclude those improper inferences from his mind in reaching a decision." *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) (internal quotation marks and footnotes omitted).

he "will only ask whether *Boudreaux* triggered a re-examination of STC's exemption determination of the M/LWD job position and, if so, details about that re-examination and review." [Doc. No. 49, p. 5].

Considering Mascagni's limited line of proposed questioning, the Court does not find that admitting reference to *Boudreaux* will result in undue delay or a waste or time. The Court does not anticipate that STC will have to defend itself against the allegations set forth in *Boudreaux*. All of this is to say that the risks that STC fears do not substantially outweigh the probative value of the evidence.

Accordingly, STC's motion is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to references to cases other than *Boudreaux*, and this evidence is EXCLUDED. Mascagni's proposed line of questioning regarding *Boudreaux* is, however, admissible, and thus, the motion is DENIED.

**Conclusion**

For the foregoing reasons, STC's Motion to Exclude the Testimony of John Theriot [Doc. No. 25] is DENIED, and STC's Motion in Limine [Doc. No. 47] is GRANTED IN PART AND DENIED IN PART. The following evidence is EXCLUDED: (1) Mascagni's IRS Form 1040s; (2) any witness encompassed in the above-described generic groups of witnesses, with the exception of Mitchell Williamson and STC's other employees and corporate representatives; (3) non-STC documents produced in *Boudreaux*; and (4) any references to cases other than *Boudreaux*.

Monroe, Louisiana, this 15th day of September, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE